**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT OF **F**LORIDA
**O**RLANDO **D**IVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                       **Case No.  6:08-cr-118-Orl-22DAB**

**JUDE LACOUR**
**JEFFREY LACOUR**
**HUDSEN SMITH**
**CHRISTOPHER TOBIN**
**AKHIL BARANWAL**
**ALEXIS ROMAN TORRES**
**ANDREW DESONIA**
**MARGARET MCINTOSH**
**ABEL LAU**
**JAMES PICKENS**
**GEUNNET CHEBSSI**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION IN LIMINE AS TO JUDE LACOUR AND JEFFREY LACOUR (Doc. No. 208)**
>
> **FILED:**  November 4, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The government, via a motion in limine, seeks an order "limiting the assertion of the attorney-client privilege regarding the representation of Jude Lacour, Jeffrey Lacour, and Jive Network, Inc. by the law firm Akerman Senterfitt." Defendant Jude Lacour has opposed the motion (Doc. No. 226) and co-Defendant Jeffrey LaCour (prematurely) joined in that response (Doc. No. 225). Despite service of the motion on the law firm, no brief has been filed by Akerman Senterfitt (Doc. Nos. 209-

210). The Court finds the motion to be inadequately supported, as well as premature, and therefore **denies** same, as set forth herein.

*Background*

Defendants Jude and Jeffrey Lacour are charged in this matter with, among other offenses, conspiracy to distribute controlled substances through Jive Network. According to the government's motion, "In February 2004, Jeffrey LaCour, director of operations of Jive Network, an internet pharmacy organization, retained the law firm Akerman Senterfitt to provide legal services to Jive Network." The government states that the firm asserted the attorney-client privilege in response to subpoenas issued by the Grand Jury when investigating this matter in 2005. On November 11, 2005, the firm provided a privilege document log with respect to "approximately 1198 pages of documents withheld on the basis of the attorney-client privilege." There is no indication that the government contested that designation, when it was first asserted.

According to the present motion, on October 31, 2008, the United States issued a trial subpoena to Akerman Senterfitt, requiring the production *at trial* of those documents withheld from the Grand Jury on the basis of the attorney-client privilege. The government asserts that "Akerman Senterfitt intends to again refuse production of those documents on the basis of the attorney-client privilege" and so the government seeks an Order limiting that assertion of the attorney-client privilege to the extent that it concerns legal representation related to the operation of Jive Network.

*Analysis*

First and foremost, the motion is impermissibly vague in that it is not clear exactly what the government is seeking and from whom. To the extent the motion is an attempt to resolve the applicability of a privilege that has yet to be formally asserted by either Lacour Defendant, the motion is premature. Although the government contends that the Lacours waived any privilege, due to the

assertion of the advise of counsel as a defense, no such defense has been formally tendered[1] and the government cites no authority for the proposition that a Defendant must assert the advice of counsel defense in advance (*Compare* Fed. R. Crim. Pro. 12(b)(3) with Rules 12.1, 12.2, and 12.3).

To the extent the motion is an attempt to enforce the trial subpoena issued to the law firm, the motion is also premature. The subpoena, which is not before the Court, reportedly calls for production *at trial*, which has yet to occur. Violation of a trial subpoena is addressed through a contempt motion brought *after* a failure to comply. *See* Rule 17(g), Fed. R. Crim. Pro. Although the government asserts that the grand jury subpoenaed these documents in 2005, the government did not choose to contest the firm's assertion of privilege with respect to the grand jury subpoena.

To the extent the government is attempting to convert the trial subpoena to a *pretrial* Rule 17(c)(1) subpoena, such an interpretation is without merit. The government has not requested such a subpoena from the Court, the Court did not approve any such request, and no issue has been directly presented by the subpoenaed party, via a motion to quash or otherwise. Indeed, although the government represents that the firm intends to refuse production at trial, the record contains no *evidence* of that assertion. The Court does not have before it either the subpoena or any response to the subpoena from the subpoenaed party. On this record, the Court does not know the nature of the firm's representation, or even who the client is for purposes of deciding who can waive the privilege. Likewise, the government presents no evidence to support a prima facie showing of the applicability of the crime/fraud exception.

---

[1] While defense counsel did make certain remarks regarding the possible defense of advice of counsel at pretrial hearings, the Court views this as more inchoate than substantive. As the government knows, Defendants are not obligated to put on *any* defense, and, except for certain defenses which must be disclosed prior to trial, Defendants are free to make that decision at trial (subject to the requirements of the Scheduling Order, of course).

The motion is **denied, without prejudice** to resolution of the issue, if necessary, at the appropriate time and if appropriately presented.

**DONE** and **ORDERED** in Orlando, Florida on this 10th day of December, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
Counsel for Defendants
JEFFREY LACOUR (pro se)