**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**  Case No.  6:08-cr-118-Orl-DDD-DAB

**JUDE LaCOUR**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION (Doc. No. 474)
>
> **FILED:** March 30, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Pro Se Defendant Jude Lacour ("Lacour") moves for dismissal on the basis of violation of his right to a speedy trial, under 18 U.S.C. § 3161. The Government has responded (Doc. No. 492). For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

The Speedy Trial Act provides, in pertinent part:

(c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C.. § 3161 (2009).

Although Defendant does not specify exactly when the seventy day provision of the Speedy Trial Act allegedly expired, he claims that it began upon his initial plea of not guilty, on June 11, 2008 (Doc. No. 474, paragraph 4). It is undisputed that trial in this matter commenced March 31, 2009. The Government claims, however, that "all time that has elapsed since [Defendant] . . . has been arrested constitutes periods of delay that are excluded in computing the time within which his trial must commence," citing 18 U.S.C. § 3161(h)(1)(D), (1)(E), (1)(F), (1)(H), (6), (7). (Doc. No. 492).

The Act provides, in pertinent part:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

(B) delay resulting from trial with respect to other charges against the defendant;

(C) delay resulting from any interlocutory appeal;

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> \* \* \*
>
> (6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161.

As set forth in the response papers and the docket, the case was replete with various events that tolled the period of time for speedy trial purposes. Lacour was joined for trial with various co-defendants, and no motion for severance was granted. Under subsection (h)(6), the excludable delay of one co-defendant is attributable to all co-defendants. *United States v. Pirolli*, 742 F.2d 1382, 1384 (11th Cir. 1984), *cert. denied*, 471 U.S. 1067 (1985). The co-defendants were arrested and arraigned on various dates, ending on August 13, 2008 (Defendant Tobin's initial appearance).

At the time of Lacour's arraignment, motions to continue the trial, filed by certain co-defendants, were pending before the District Judge. On June 18, 2008, the District Court entered an Order granting the motions for continuance (Doc. No. 83). At a July 16, 2008 criminal status conference, the Government moved to continue in order to locate and arrest a co-defendant. The Court granted that request, finding that:

-3-

the ends of justice will best be served by the granting of such continuance. The best interests of the Defendants and the public to a speedy trial are outweighed by the need for a continuance. The speedy trial time is tolled pursuant to 18 U.S.C. § 3161(h)(7), and (8)(A) and (B)(ii). (Doc. No. 106).[1]

The trial was thereon continued to the trial term commencing January 2, 2009.

On November 14, 2008, the Government asked the Court to clarify the June 18 and July 16, 2008 Orders of continuance, in view of Lacour's position with respect to his right to a speedy trial (Doc. No. 214). On December 1, 2008, Lacour, through counsel, filed a Response to that motion, setting forth many of the same contentions he makes *pro se* in the instant motion (Doc. No. 227). While the motion for clarification was under consideration, the Court held another status conference and, on December 3, 2008, continued the trial to March 30, 2009:

> The Court finds that the ends of justice will best be served by the granting of such continuance. The best interests of the Defendants and the public to a speedy trial are outweighed by the need for a continuance. The speedy trial time is tolled pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(ii). Specifically the Court considers the number of defendants in this case, the nature and complexity of the alleged offense conduct, the geographic disbursement of the defendants, witnesses, and evidence, and the quantity and nature of the discovery provided by the government.

(Doc. No. 231).

On January 14, 2009, the District Judge granted the Government's motion for clarification, reaffirming its prior rulings and rejecting Lacour's objections (Doc. No. 259). As noted, trial commenced on March 31, 2009.[2]

Considering all these circumstances, there is no speedy trial violation.

---

[1] The Court cited to the then-applicable portions of the Act. The Act has since been revised and sections renumbered.

[2] In addition to the foregoing, the Court notes that dozens of motions were filed by the parties throughout the pre-trial period. *See* § 3161(h)(1)(D) and (h)(1)(H).

-4-

Moreover, the Court again rejects Lacour's assertion that he was denied access to the Court. Lacour made numerous appearances at hearings before the Court, and the docket is replete with motions filed by this Defendant, either pro se or through counsel.[3] To the extent Plaintiff complains of "deficiencies" in his ability to defend this case, he is reminded that he choose to proceed without counsel, even stand by counsel, despite being fully advised of the potential disadvantages of such an action (Doc. No. 92). It is **respectfully recommended** that the motion be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this 10th day of April, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy

---

[3] Defendant complains that the Court struck his papers because of "improper forms or for some minuscule local rule violation that Pro Se inmates can never avoid." (Doc. No. 474 at p. 6). This contention misstates the record and betrays Defendant's continuing lack of complete understanding of the operation of the criminal justice system. As the Court *repeatedly* informed Plaintiff, it is inappropriate to correspond directly with the Court. The Court advised Plaintiff of the need to *file* the motions with the Clerk and *serve* the motions on the government. *See* for example, Doc. No. 94. There is nothing "minuscule" about this essential requirement, nor is it unduly burdensome on pro se parties. Indeed, Mr. Lacour has managed to properly file and serve numerous motions, including the instant one, while in custody.