**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-  Case No. 6:08-cr-118-Orl-DDD-DAB

**JUDE LaCOUR**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR RECUSAL/DISQUALIFICATION (Doc. No. 519)
>
> **FILED:** April 13, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** with respect to the undersigned.

Defendant Jude LaCour seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a), which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The "prejudicial conduct" of which this Defendant complains, with respect to this Court, appears to be discovery rulings which Defendant disagrees with.[1] The standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v.*

---

[1] The motion also addresses the conduct of the presiding District Judge at trial. This Order does not address those contentions as they do not purport to provide a basis for disqualification of the magistrate judge.

*Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988). The Court finds that no fully informed, objective, and disinterested lay observer could entertain a significant doubt about the undersigned Judge's impartiality in the instant case.

Adverse rulings alone are not grounds for recusal. *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) (adverse rulings are grounds for appeal, not recusal). As the Eleventh Circuit has noted:

> The alleged bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case. An exception to the general rule that the bias must stem from an extrajudicial source exists where 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'

*United States v. Meester*, 762 F.2d 867, 884 (11th Cir.1985) (internal citations omitted).

No showing of any bias stemming from any "extrajudicial" source has been shown, not is there any showing of pervasive personal bias. The motion is denied, with respect to the magistrate judge.[2]

**DONE** and **ORDERED** in Orlando, Florida on this 15th day of April, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States Attorney
Counsel for Defendants
JUDE LaCOUR

---

[2]The Court defers the motion to recuse the presiding District Judge to Judge Dowd.