UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

JUDE LACOUR

Case Number: 6:08-cr-118-Orl-DDD-DAB

USM Number: 71088-065

H. Kyle Fletcher, CJA
3743 Savannah Loop
Oviedo, Florida 32765

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2-31, 32, 33-36, 37, 38-51, 52 of the Second Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute controlled substance | April 2005 | 1 |
| 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 | Distribution of controlled substance | April 11, 2005 | 2-31 |
| 18 U.S.C. § 1956(h) | Conspiracy to engage in money laundering affecting interstate commerce | November 2004 | 32 |
| 18 U.S.C. §§ 1957 and 2 | Transactional money laundering | March 24, 2005 | 33-36 |
| 18 U.S.C. §§ 1957 and 2 | Transactional money laundering | March 24, 2005 | 37 |
| 18 U.S.C. §§ 1957 and 2 | Transactional money laundering | March 24, 2005 | 38-51 |
| 18 U.S.C. § 1956(a)(1)(B)(i) | Concealment money laundering | April 22, 2005 | 52 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: July 29, 2009

_____
David D. Dowd, Jr, United States District Judge

July 31, 2009

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **97 months** as to Counts 32, 33-51 and 52; 36 months as to Counts 5,7,9-11, 13-15, 18, 22, 23, 25, 27-31; 60 months as to Counts 1,2-4,6,8,12,16,17,19-21, 24 and 26; Counts 1,2-4,6,8,12,16,17,19-21, 24 and 26 to be served concurrent with the term imposed in Counts 32, 33-51 and 52, and Counts 5,7,9-11, 13-15, 18, 22, 23, 25, 27-31.

The Court recommends to the Bureau of Prisons:

> That defendant receive credit for time served during term of incarceration from May 8, 2008 to date, and that defendant be designated for commitment of service at FCC Coleman, Florida

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to each count, concurrently**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $5,200.00 | $0.00 | $0.00 |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

### FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

**IT IS ORDERED** that the defendant shall be:

Ineligible for all federal benefits for a period of **5 years**.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

Denial of Federal Benefits Program, U.S. Department of Justice, Office of Justice Assistance, 810 7th Street, N.W., Washington, DC 20531

AO 245B (Rev. 4/09) Judgment in a Criminal Case

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


It is further ordered that you shall forfeit to the United States those assets previously identified in the Special Forfeiture Verdict, that are subject to forfeiture.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# FORFEITURE

It is ORDERED AND ADJUDGED pursuant to 21 U.S.C. §853 that the following property is hereby forfeited to the United States of America:

1. Jive Network, Inc., a defunct corporation, and all of its assets;

2. $3,563,189.05 from Jive Network, Inc.'s checking account #2000015197809 at Wachovia Bank NA ("Jive's Main Operating Account");

3. $101,591.28 from Jive Network, Inc.'s certificate of deposit account #012241191630861 at Wachovia Bank NA;

4. $202,081.47 from Jive Network, Inc.s' certificate of deposit account #012241211685160 at Wachovia Bank NA;

5. $1,518,129.44 from Jive Network, Inc.'s money market account #2000026078823 at Wachovia Bank NA;

6. $1,344,624.63 from Jive Network, Inc.'s Bank of N.T. Butterfield & Son Limited account #9101256-MRCL-USD-A00 in Bermuda;

7. $19,910.87 Telecheck check #067304 from Telecheck Services, Inc. Account #44002094 in the name of Jive Network, Inc.;

8. $272,654.63 from Discover Financial Services Inc., account #601101312753138 in the name of Jude LaCour, d/b/a Prescriptionbilling.com;

9. $25,000.00 Global Payment check #1082504 from North American Bankcard account #8788290003683 in the name of Jude LaCour, d/b/a Prescriptionbilling.com;

10. $98,681.17 from Jude LaCour's checking account #1090004439738 at Wachovia Bank NA;

11. $2,739,044.78 from Jude LaCour's brokerage account #445-031120 at Morgan Stanley Dean Witter;

12. $9,996.50 from checking account #2000025958698 controlled by Jude LaCour and in the name of DTS Motorsports LLC;

13. $7,022.01 from checking account #2000015789039 controlled by Jude LaCour and in the name of Daytona Toy Store LLC;

14. Real property located at 128 Pleasant Valley Drive, Daytona Beach, Florida 32114, more fully described as: LOT 8, INDIGO UNIT #7, ACCORDING TO THE PLAT THEREOF, RECORDED IN MAP BOOK 40, PAGES 175 AND 176, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA;

15. http://www.pillstore.com;

16. http://www.epharmacist.com;

17. http://www.cyberpills.com;

18. http://www.pillvalue.com;

19. http://www.planetpills.com; and

20. http://www.instantpills.com.